**UNITED STATES of America**

v.

**Alain Claude VOULOUP, Antonio Rito Silva, Nicholas Cadabi, Antonio Escandon.**

**Crim. No. 75–179(PG).**

United States District Court, D. Puerto Rico.

Dec. 16, 1985.

Jorge Vega Pacheco, Asst. U.S. Atty., San Juan, Puerto Rico, for plaintiff.

Benito Rodríguez Massó, Caguas, Puerto Rico, Fernando Gierbolini, San Juan, Puerto Rico, Luis Amorós, Río Piedras, Puerto Rico, Nydia Diaz Buxó, Caguas, Puerto Rico, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

On June 1, 1985, after receiving authorization from the French Government, the S/V CASANCANI, a French registered vessel, was boarded on the high seas by agents of the U.S. Coast Guard. Upon boarding, the team found marijuana aboard the vessel.

Defendants in this action are the Master, Alain Claude Vouloup, a French national, and the crew members of the CASANCA-NI, composed of three Colombians, Antonio Rito Silva, Nicholas Cadabi and Antonio Escandón.

The defendants have been charged under 18 U.S.C. § 2 and with violations to the Marijuana on the High Seas Act of 1980, concretely, 21 U.S.C. § 955a(a), (c), (f), for the unlawful possession with intent to dis-tribute approximately 800 lbs. of marihuana.

Motions to suppress evidence on grounds of illegal search and a motion to dismiss for lack of jurisdiction were set for hearing before the U.S. Magistrate on October 10, 1985.

On October 25, 1985, the U.S. Magistrate rendered a report and recommendation on the matter concluding that there is no subject matter jurisdiction in the instant case and recommending suppression of the evidence and dismissal of the case. The United States Government filed an opposition on November 4, 1985, to which defendants replied on November 14, 1985. The matter stands now before use.

In essence, the U.S. Magistrate determined that the boarding of the S/V CA-SANCANI was within the scope of the law and that the Fourth Amendment had not been infringed. However, on the jurisdictional issue he concluded that the offense was committed beyond the jurisdiction or laws of the United States and further concluded that no subject matter jurisdiction exists in the instant case.

While we fully agree with the determination that the boarding of the CASANCANI was within the scope of the law, we reject the Magistrate's conclusion that the offense did not occur within the jurisdiction of the United States.*

■ In the instant case jurisdiction exists by virtue of the extension of the concept of "customs waters". As a general rule the Coast Guard is divested of authority to search foreign vessels not within the "customs waters" of the United States. However, the United States may extend its "customs waters" to specific foreign vessels, and specific foreign vessels may be designated as within "customs waters" through *specific arrangements* with the governments of foreign nations.

---

* The U.S. Magistrate explained this conclusion reasoning that the United States and France have not entered into any type of treaty which would have become federal law granting jurisdiction and determining that the instant case cannot fit as acts of possession of narcotics committed outside the territorial jurisdiction of the United States punishable by section 965. We fail to agree.

"Customs waters" is defined in 19 U.S.C. § 1401(j):

The term "customs waters" means, in the case of a foreign vessel subject to a *treaty or other arrangement* between a foreign government and the United States, enabling or permitting the authorities of the United States to board, examine, search, seize, or otherwise to enforce upon such vessel upon the high seas the laws of the United States, the waters within such distance of the coast of the United States às the said authorities are or may be so enabled or permitted by such *treaty or arrangement* and in the case of every other vessel the waters within four leagues of the coast of the United States. (emphasis ours)

Thus, it is clear that nothing prohibits that two nations by *arrangement* extend the *"customs waters"* and also the reach of the domestic law of one of the nations into the high seas. *United States v. Romero-Galue*, 757 F.2d 1147, 1154 (1st Cir.1985).

In the instant case the U.S. Government has submitted exhibits which evince that the Government of France authorized the boarding and search of the CASANCANI (Government's Exhibit 1). Subsequently, authority was received to seize the subject vessel on behalf of the French Government, to arrest the Master on behalf of the French Government and to arrest the crew for violation of the laws of the United States (Government's Exhibit 2).

■■■ U.S. Government agents may search or seize a foreign vessel "upon the high seas" if enabled or permitted under *special arrangement* with the foreign government. *United States v. Marsh*, 747 F.2d 7, 9–10 (1st Cir.1984). It has been held that the consent for a particular arrangement to be valid need not be a formal agreement but the consent may be relayed by electronic communications such as radio or telephone. *United States of America v. Angel Rey González*, 776 F.2d 931 (11th Cir., November 1, 1985). Furthermore, *no treaty is required* to exist before an arrangement can be made between the United States and a foreign nation for Coast Guard search and seizure of a foreign nation's vessel. *See, United States v. Angel Rey González, supra.*

A *special arrangement* within the meaning of the statute is present in the instant case. *United States v. Marsh, supra; United States v. Loalza Vázquez*, 735 F.2d 153 (5th Cir.1984); *United States v. Green*, 671 F.2d 46, 51 (1st Cir.1982).

■■ Jurisdiction is derived by that special arrangement with the Government of France. The arrangement extended the U.S. "customs waters" and created an area within which the laws of the United States may be enforced. The fact that defendants have been indicted under the provisions of the Marihuana on the High Seas Act, 21 U.S.C. §§ 955a–955d, does not affect the Court's jurisdiction. Congress intended said provisions to have extra territorial effect. *United States v. Romero-Galue, supra*, at 1149.

Having found that jurisdiction to enforce the laws of the United States is present through a special arrangement, we need not enter into the application of the *protective principle* to the facts of this case.

WHEREFORE, in view of the foregoing the Magistrate's Report and Recommendation is affirmed in part as to the legality of the boarding of the CASANCANI, and rejected in part as to the conclusion that no jurisdiction is present here. Accordingly, the Court finds that there is jurisdiction in the instant case and DENIES the motion to suppress.

IT IS SO ORDERED.